Curia, per

Frost, J.
The distinction between the case of a note indorsed after it is due, and of one indorsed before it is due, with respect to the diligence required in making demand and giving notice, is very obvious. When a note is indorsed after it is due, no time for payment is prescribed. The reasonable expectation of the holder, that it will be paid when due, has been already disappointed, and he has had the opportunity of using such extraordinary diligence as might be necessary, if it could avail to protect himself against the failure of the maker to pay it. The note has lost credit before the holder parts with it, and is unaccompanied by any engagement of the maker, respecting the time of payment; so that punctuality is out of the question. But a note indorsed before it is due, unless payable on demand, has a prescribed time for payment, at which it is the duty of the indorsee to demand, and of the maker to pay, the sum stipulated. The indorser may reasonably expect that it will be promptly paid when due, and may require the indorsee to demand payment at that time, and not subject him to the risk of loss that might follow on delay. If not paid when due, the indorser may also require the earliest reasonable notice of the failure of the maker. If the indorsee neglects to demand payment at the proper time, and to give notice to the indorser of nonpayment, he may justly resist liability for the loss when the indorsee has neglected to do what was important to his security.
All the rules of diligence applicable to negotiable instruments, are designed for the security of the parties secondarily liable, and when demand or notice is not necessary for their protection, it is dispensed with. If an in-dorser take an assignment, mortgage, or confession of judgment from the maker to protect his liability ; or when the drawer has no funds in the hands of the drawee, and it is known to the holder; or the drawer informs the holder that the bill will not be paid at maturity, no notice of demand is necessary. These cases proceed on the ground that *400 notice is not material to the indemnity of the indorser or drawer, because, either he has already done that which notice would have warned him to do, or that notice is unnecessary to his protection. The same principle would dispense with notice of non-payment to the indorser of a note past due. To visit on the indorsee in such case, a loss which may be presumed to arise from want.ofpunctuality in making demand and giving notice of non-payment of a note not payable at any specified time, and on which the debt- or had made default while the note was in the hands of the indorser, on the presumption of an injury to the indorser, by depriving him of the advantage of taking prompt measures for recovery against the maker, which, while the note was in his possession he had wholly neglected to pursue, or had pursued ineffectually, would be, on a presumption against the fact, to substitute the indorsee to a loss justly chargeable to the indorser.
The earlier decisions in our courts have not been very consistent, but the more recent cases have maintained that the rules of diligence respecting demand and refusal which are applicable to negotiable instruments transferred before they are due, do not apply to transfers after they are due. Though demand and notice are not dispensed with, yet the duty of the holder, in these particulars, is limited to the use of such diligence, according to the circumstances of the case, that the indorser suffer no injury through his remissness or neglect. In Brock vs. Thompson, 1 Bail. 323, it is affirmed that where anote was indorsed after due, what was reasonable diligence and due notice might include a very extensive range of inquiry. “A long indulgence might, under some circumstances, be regarded as perfectly consistent with the condition that due diligence should be used; and under others, the delay of a few days might justly be considered unwarrantable, and subject the holder of the note to entire loss.” In Benton vs. Gibson, 1 Hill, 62, it was held that the institution of a suit by the holder against the maker, was a demand of payment, and if the defendant knew of the institution of the suit at or immediately after its commencement, it would be notice to him of a demand and refusal of payment; and further, that it *401 is for the jury to decide whether, under all the circumstances, the demand and notice were within reasonable time.
The defendant did not suffer any injury by the neglect or remissness of the plaintiffs, for within ten days after the note was sent to the plaintiffs, they had returned it to the defendant, who placed it in the hands of an attorney for collection. The suit was conducted with all diligence under the direction of the defendant. He may be regarded as having accepted the agency for the collection of the note, and if the plaintiffs had made no demand, and it was material to the defendant’s indemnity, he should have seen to it. But the suit was a demand, of which the defendant had notice. From his letter to the plaintiffs it may be inferred that the maker would not pay until fall; or, which is the more probable inference, that the maker would not pay it at all, and that defendant would pay it in the fall. In either sense, the demand was made in sufficient time. ■
The motion is refused.
O’Neall, Evans, Butler and Wardlaw, JJ. concurred.